# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

FILED 14 AUG '19 16:17 USDC-ORP

## UNDER SEAL

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:19-cr- _00361-IM_ |
| v. | INDICTMENT |
| JAVIER SARABIA;<br>JOSE ZARATE-TAPIA;<br>MARIANA ROCIO OLMEDO;<br>OSCAR URIEL VAZQUEZ-<br>GUTIERREZ, aka: "Marcelo," aka:<br>"Octavio;"<br>JAVIER GAMEZ-RANGEL, aka:<br>"CONSTRUCCION;"<br>TONI NYMEYER;<br>ROBERT DEWEY MEDLEY, III;<br>ROCIO GUTIERREZ;<br>TIMOTHY JOHNSON;<br>JASON AARON GOSS;<br>STACY JUAREZ; and<br>DAVID LINDSEY, | 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 843(b);<br>856(a); 846<br><br>**Forfeiture Allegations**<br><br>**UNDER SEAL** |
| Defendants. | |

## COUNT 1

**(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)**
**(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(A)(i), 843(b), 856(a) and 846)**

Beginning on an unknown date but no later than on or before the month of April 2019, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants **JAVIER SARABIA, JOSE ZARATE-TAPIA, MARIANA ROCIO OLMEDO, OSCAR URIEL VAZQUEZ-GUTIERREZ, aka: "Marcelo," JAVIER GAMEZ-RANGEL, aka: "CONSTRUCCION," TONI NYMEYER,**

Indictment                                                                                                          Page 1

**ROBERT DEWEY MEDLEY, III, ROCIO GUTIERREZ, TIMOTHY JOHNSON, JASON AARON GOSS, STACY JUAREZ,** and **DAVID LINDSEY** did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons whose identities are known and unknown to the Grand Jury to commit the following objects in violation of Title 21, United States Code, Section 846:

<u>Objects of the Conspiracy</u>

A.    <u>Possession with Intent to Distribute Methamphetamine</u>: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B.    <u>Distribution of Methamphetamine</u>:  The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

C.    <u>Possession with Intent to Distribute Heroin</u>: The conspirators agreed to possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

**Indictment**                                                                                          **Page 2**

**D.**      **Distribution of Heroin**: The conspirators agreed to distribute 1 kilogram or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

**E.**      **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

**F.**      **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to utilize cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

**Indictment**                                                                                     **Page 3**

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

All factual allegations set forth in Counts 2 through 5 of this Indictment are hereby incorporated by reference and re-alleged as overt acts in furtherance of the conspiracy alleged in Count 1 of this Indictment. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

**Indictment**                                                                 **Page 4**

1.      On or about April 23, 2018, **JAVIER SARABIA, JOSE ZARATE-TAPIA, MARIANA ROCIO OLMEDO** and others coordinated the transportation of approximately 100 pounds of methamphetamine, and nine pounds of heroin from California to Oregon to distribute to their drug customers in Oregon and Washington.

2.      On or about July 11, 2019, **OSCAR URIEL VAZQUEZ-GUTIERREZ, aka: "Marcelo;" aka "Octavio,"** transported approximately five kilograms of methamphetamine from Washington to Oregon for distribution to **TONI NYMEYER, ROBERT DEWEY MEDLY, III**, and others for further distribution to their drug customers in the Portland, Oregon and Vancouver, Washington areas.

3.      On or about July 13, 2019, **ROCIO GUTIERREZ, TONI NYMEYER, ROBERT DEWEY MEDLY, III** and others possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine with the intent to deliver said methamphetamine to their drug customers in the Portland, Oregon and Vancouver, Washington areas.

4.      From on or about June 1, 2019 to, on or about August 7, 2019, **OSCAR URIEL VAZQUEZ-GUTIERREZ, aka: "Marcelo," aka "Octavio"** distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine to **ROBERT GOSS** for distribution to his drug customers in the Portland, Oregon area.

5.      From on or about June 25, 2019, to on or about August 7, 2019, **OSCAR URIEL VAZQUEZ-GUTIERREZ, aka: "Marcelo," aka "Octavio"** distributed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine to **JAVIER GAMEZ-RANGEL, aka: "CONSTRUCCION," TONI NYMEYER, ROBERT DEWEY**

**Indictment**                                                                                                    **Page 5**

**MEDLEY, III, TIMOTHY JOHNSON, JASON AARON GOSS, STACY JUAREZ,** and

**DAVID LINDSEY** for distribution to their drug customers in the Portland, Oregon and

Vancouver, Washington areas.

  6. From on or about June 25, 2019, to on or about August 7, 2019, **OSCAR URIEL**

**VAZQUEZ-GUTIERREZ, aka: "Marcelo;" aka: "Octavio"** distributed heroin to **ROBERT**

**DEWEY MEDLEY, III, TIMOTHY JOHNSON,** and **DAVID LINDSEY** for distribution to

their drug customers in the Portland, Oregon and Vancouver, Washington areas.

**COUNT 2**
**(Possession with Intent to Distribute Methamphetamine)**
**(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii))**

On or about April 23, 2019 in the District of Oregon and elsewhere, defendants **JAVIER**

**SARABIA, JOSE ZARATE-TAPIA,** and **MARIANA ROCIO OLMEDO** did unlawfully and

knowingly possess with intent to distribute 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a

Schedule II controlled substance;

  In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

**COUNT 3**
**(Possession with Intent to Distribute Heroin)**
**(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i))**

On or about April 23, 2019, in the District of Oregon and elsewhere, defendants **JAVIER**

**SARABIA, JOSE ZARATE-TAPIA,** and **MARIANA ROCIO OLMEDO** did unlawfully and

knowingly possess with intent to distribute 1 kilogram or more of a mixture or substance

containing a detectable amount of heroin, a Schedule I controlled substance;

  In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

## COUNT 4
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii))

On or about July 11, 2019, in the District of Oregon, and elsewhere, defendant **OSCAR URIEL VAZQUEZ-GUTIERREZ, aka: "Marcelo," aka: "Octavio"** did unlawfully and knowingly possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT 5
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii))

On or about July 13, 2019, in the District of Oregon, defendants **ROCIO GUTIERREZ, TONI NYMEYER,** and **ROBERT DEWEY MEDLEY, III** did unlawfully and knowingly possess with intent to distribute 500 grams or more of mixture or substance a containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 through 5 of this Indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

**Indictment**                                                                 **Page 7**

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property described above.

Dated: August ____, 2019.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney

**Indictment**                                                                                    **Page 8**